# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| MICHELLE ANGELES,<br>Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>DSDR, LLC,<br><br>        Defendant. | Case No. _____<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b)** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Michelle Angeles brings this action individually and on behalf of all current and former Receptionists (collectively "Plaintiff and the Putative Collective Members") who worked for Defendant—DSDR, LLC[1] ("DSDR")—anywhere in the United States, at any time from July 27, 2020, through the final disposition of this matter, to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207, and 216(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–19 ("FLSA").

## I.
## OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the FLSA.

2. Plaintiff and the Putative Collective Members are those similarly situated persons who worked for DSDR at any time from July 27, 2020, through the final disposition of this matter, and were not paid overtime compensation in violation of the FLSA.

---

[1] DSDR owns and operates hotels operating under the name "Quality Inn" across the United States.

3. Although Plaintiff and the Putative Collective Members have routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. The decision by DSDR not to pay overtime compensation to Plaintiff and the Putative Collective Members was neither reasonable nor in good faith.

5. DSDR knowingly and deliberately failed to compensate Plaintiff and the Putative Collective Members overtime of at least one and one-half their regular rates of pay for all hours worked in excess of forty (40) hours per workweek.

6. Plaintiff and the Putative Collective Members did not and do not perform work that meets the definition of exempt work under the FLSA.

7. DSDR knowingly and deliberately misclassified Plaintiff and the Putative Collective Members as exempt employees not entitled to overtime compensation.

8. Plaintiff and the Putative Collective Members seek to recover all unpaid overtime compensation, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9. Plaintiff also prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

10. Plaintiff Angeles was employed by DSDR in Texas during the relevant time period. Plaintiff Angeles did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

11. The FLSA Collective Members are those current and former Receptionists who were employed by DSDR at any time from July 27, 2020, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Angeles worked and was paid.

12. Defendant DSDR is a domestic limited liability company, licensed to and doing business in the State of Texas, and may be served through its registered agent for service of process: **Satish R. Patel, 1707 Fort Worth Avenue, Dallas, Texas 75208.**

## III.
## JURISDICTION & VENUE

13. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

14. This Court has general and specific personal jurisdiction over DSDR because Texas qualifies as DSDR's home state and because Plaintiff's claim arose in this District as a result of DSDR's conduct within this District and Division.

15. Plaintiff has not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

16. Venue is proper pursuant to 28 U.S.C. § 1391(b) in the Eastern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

---

[2] The written consent of Michelle Angeles is attached hereto as Exhibit "A."

17. Specifically, DSDR's corporate headquarters in located in Denton, Texas and Plaintiff Angeles worked for DSDR in Denton, Texas, which is located within this District and Division.

## IV.
## BACKGROUND FACTS

18. Defendant DSDR operates hotels within the United States.

19. To provide its services, DSDR employed (and continues to employ) numerous Receptionists as salaried workers—including Plaintiff and the individuals that make up the putative or potential collective.

20. DSDR paid (and pays) Plaintiff and the Putative Collective Members a salary and classified them as exempt from overtime under the FLSA.

21. Plaintiff Angeles was employed by DSDR in Texas from approximately August of 2019 until May of 2023.

22. Plaintiff and the Putative Collective Members are (or were) **_non-exempt_** Receptionists employed by DSDR during the relevant time-period.

23. Importantly, none of the FLSA exemptions relieving a covered employer (such as DSDR) of the statutory duty to pay its non-exempt employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective Members.

24. Moreover, Plaintiff and the Putative Collective Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of DSDR resulting in the complained of FLSA violations.

25. Plaintiff and the Putative Collective Members were all paid a salary but no overtime.

26. Plaintiff and the Putative Collective Members conduct their day-to-day activities within designed parameters and in accordance with pre-determined operational plans devised by DSDR.

27. Specifically, Plaintiff and the Putative Collective Members' job duties consisted of non-exempt duties such as greeting customers, checking customers in, providing key cards to customers, answering customer questions, assisting customers with bookings, and checking customers out.

28. Plaintiff and the Putative Collective Members all perform the same primary duties nationwide regardless of their specific job title or location.

29. They abide by the same policies and procedures, regardless of their specific job title or location.

30. Plaintiff and the Putative Collective Members do not perform work that is directly related to the management of general business operations of DSDR.

31. Instead, Plaintiff and the Putative Collective Members perform work directly related to the production side of DSDR's business—assisting hotel guests with their stay.

32. Plaintiff and the Putative Collective Members' duties do not include managerial responsibilities or the exercise of independent discretion or judgment.

33. Plaintiff and the Putative Collective Members do not have the authority to hire or fire other employees, and they are not responsible for making hiring or firing recommendations.

34. Plaintiff and the Putative Collective Members do not customarily and regularly direct the work of two or more other employees.

35. Plaintiff and the Putative Collective Members are not responsible for setting schedules or rates of pay.

36. Plaintiff and the Putative Collective Members cannot deviate from DSDR's requirements or instructions without permission.

37. Plaintiff and the Putative Collective Members typically worked (and continue to work) approximately seventy (70) to ninety-eight (98) hours per week.

38. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked over forty (40) each week.

39. Plaintiff and the Putative Collective Members regularly worked in excess of forty (40) hours per week but never received any overtime compensation.

40. DSDR denied Plaintiff and the Putative Collective Members overtime pay as a result of a widely applicable, illegal pay practice.

41. Plaintiff and the Putative Collective Members are non-exempt employees under the FLSA.

42. Although it is well-known that customer service employees like Plaintiff and the Putative Collective Members are ***not*** exempt from overtime, DSDR did not pay Plaintiff and the Putative Collective Members the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

43. DSDR applied this pay practice despite clear and controlling law that states that the routine and menial duties which were performed by Plaintiff and the Putative Collective Members consisted of ***non-exempt*** work.

44. The decision by DSDR not to pay overtime compensation to Plaintiff and the Putative Collective Members was neither reasonable nor in good faith.

45. Because DSDR did not pay Plaintiff and the Putative Collective Members time and a half for all hours worked in excess of forty (40) in a workweek, DSDR's pay policies and practices violated (and continue to violate) the FLSA.

46. DSDR knowingly and deliberately misclassified Plaintiff and the Putative Collective Members as exempt employees not entitled to overtime compensation.

47. Plaintiff and the Putative Collective Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

48. Plaintiff prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

# V.
# CAUSE OF ACTION

**A. FLSA COVERAGE**

49. The preceding paragraphs are incorporated as though fully set forth herein.

50. The "FLSA Collective" is defined as:

**ALL RECEPTIONISTS WHO WORKED FOR DSDR, LLC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JULY 27, 2020, THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE PAID A SALARY AND NO OVERTIME COMPENSATION.**

51. At all material times, DSDR has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

52. At all material times, DSDR has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

53. At all material times, DSDR has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has,

an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

54. Specifically, DSDR operates throughout the United States, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the internet.

55. During the respective periods of Plaintiff and the FLSA Collective Members' employment by DSDR, these individuals provided services for DSDR that involved interstate commerce for purposes of the FLSA.

56. In performing work for DSDR, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

57. Specifically, Plaintiff and the FLSA Collective Members are (or were) salaried employees who assisted individuals from across the United States with their hotel stays. 29 U.S.C. § 203(j).

58. At all material times, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

59. The proposed class of similarly situated employees—that is, FLSA collective members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 50.

60. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of DSDR.

## B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA

61. DSDR violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce, or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

62. Moreover, DSDR knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

63. DSDR is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

64. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted DSDR to pay them according to the law.

65. The decision and practice by DSDR to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was willful, and was not reasonable nor in good faith.

66. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

67. All previous paragraphs are incorporated as though fully set forth herein.

68. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of DSDR's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

69. Other similarly situated employees of DSDR have been victimized by DSDR's patterns, practices, and policies, which are in willful violation of the FLSA.

70. The FLSA Collective Members are defined in Paragraph 50.

71. DSDR's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of DSDR's, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

72. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

73. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

74. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

75. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

76. Absent a collective action, many members of the proposed FLSA collective will not likely obtain redress of their injuries and DSDR will retain the proceeds of their violations.

77. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

78. Accordingly, notice of the action should be promptly sent to the FLSA collective of similarly situated plaintiffs as in Paragraph 50.

## VI.
## RELIEF SOUGHT

79. Plaintiff Angeles respectfully prays for judgment against DSDR as follows:

    a. For an Order certifying the FLSA Collective as defined in ¶ 50;

    b. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    c. For an Order pursuant to § 16(b) of the FLSA finding DSDR liable for unpaid wages, including unpaid overtime wages, due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

    d. For an Order awarding the costs of this action;

    e. For an Order awarding attorneys' fees;

    f. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    g. For an Order awarding Plaintiff Angeles a service award as permitted by law;

    h. For an Order compelling the accounting of the books and records of DSDR, at DSDR's expense, should discovery rove inadequate; and

    i. For an Order granting such other and further relief as may be necessary and appropriate.

Date: July 27, 2023　　　　　　　　　　Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:　/s/ *Clif Alexander*
**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Texas Bar No. 24071993
lauren@a2xlaw.com
**Carter T. Hastings**
Texas Bar No. 24101879
carter@a2xlaw.com
101 N. Shoreline Blvd., Suite 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Counsel for Plaintiff and the Putative Collective Members*